**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

CATALINA ARAMBURO LIZARRAGA,

                    Plaintiff,

vs.

BUFFALO WILD WINGS, INC., *et al.*,

                    Defendants.

2:15–cv–01655–MMD–VCF

**<u>ORDER</u>**

Before the court is the parties' proposed Stipulated Protective Order (#16), which the court approves with the exception of Paragraph 6(e). This order reminds counsel that there is a presumption of public access to judicial files and records.

> In the event that counsel files or lodges with the Court any Confidential Information, all documents attaching, quoting from, or otherwise revealing the content of Confidential Information shall be filed under seal in accordance with Local Rule 10-5 [and the Ninth Circuit decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)], or as otherwise required by the Court.

A party seeking to file a confidential document or utilize a confidential document at trial must comply with the Ninth Circuit's directives in *Kamakana*:

> Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. ... A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. ... that is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure. ¶ In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

1

*Id*. at 1178-79 (citations omitted).

To justify the sealing of discovery materials attached to non-dispositive motions, a particularized showing of good cause is required. *Id*. at 1180. To justify the sealing of discovery materials attached to dispositive motions or used at trial, however, a higher threshold is required: a particularized showing that compelling reasons support secrecy. *Id*. "A 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id*. When private discovery materials are attached to a dispositive motion (or response or reply) or used at trial, such materials become a part of a judicial record, and as such "are public documents almost by definition, and the public is entitled to access by default." *Id*.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that:

1.     The parties' Stipulated Protective Order regarding Disclosure of Confidential Information (#28), which the court approves with the exception of Paragraph 6(e), as modified and signed by the court, is GRANTED.

2.     The parties must comply with the requirements of Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana*, 447 F.3d 1172, with respect to any documents filed under seal or used at trial.

DATED this 19th day of February, 2016.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

2

JONATHAN B. OWENS, ESQ.
Bar No. 007118
ALVERSON TAYLOR MORTENSON & SANDERS
7401 West Charleston Boulevard
Las Vegas, NV 89117
Telephone: (702) 384-7000
Fax: (702) 385-7000
Email: JOwens@alversontaylor.com

CHARLES T. HVASS, ESQ. (Pro Hac Vice)
DONNA LAW FIRM, P.C.
7601 France Avenue South, Suite 350
Minneapolis, MN 55435
Tel: (952) 562-2460
Fax: (952) 562-2461
Email: chvass@donnalaw.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CATALINA ARAMBURO LIZARRAGA )<br><br>              Plaintiff, )<br><br>    vs. )<br><br>BUFFALO WILD WINGS, INC., )<br>BUFFALO WILD WINGS )<br>GRILL & BAR, BLAZIN WINGS, INC., )<br>DOE OWNER, I-V, DOE EMPLOYEE, )<br>DOE MAINTENANCE EMPLOYEE, )<br>ROE OWNER, ROE EMPLOYER, )<br>ROE COMPANIES, I-V, )<br>ROE RESTAURANT COMPANY, )<br>ROE CHAIR MANUFACTURER, )<br>ROE MAINTENANCE COMPANY, )<br>ROE WHOLESALER, ROE RETAILER, )<br>AND ROE DISTRIBUTOR, )<br><br>             Defendants. ) | CASE NO. 2:15-cv-01655-MMD-VCF<br><br><br><br><br><br>**STIPULATION FOR ENTRY OF A<br>PROTECTIVE ORDER** |

The parties stipulate to the entry of a protective order containing the following language:

1.    The parties may designate as "Confidential Business Material," in the manner set forth

in paragraph 2, any document, deposition testimony, information, or other material sought to be discovered. The terms of this Stipulation for a Protective Order govern all aspects of the procedures to be followed in making or challenging such designations and of the terms, conditions, and restrictions on the use of such Confidential Business Materials.

2.    Materials to be treated as Confidential Business Materials shall be designated as follows:

a.    <u>Written discovery answers</u>. The parties may designate written discovery answers as Confidential Business Material and shall type those answers in a separate document in which the cover page is marked with the following or similar legend: CONFIDENTIAL BUSINESS MATERIAL PURSUANT TO PROTECTIVE ORDER, COURT FILE NO. <u>2:15-cv-01655-MMD-VCF.</u>

b.    <u>Other written materials</u>. The parties may designate other written materials as Confidential Business Materials and must place the above legend upon the first page of any document containing information to be treated as Confidential Business Material.

c.    <u>Oral testimony</u>. The parties may designate deposition testimony as Confidential Business Material and shall either:

i)    In advance of disclosure, state that the testimony is Confidential Business Material and advise all persons present that the information is subject to this Stipulation and Protective Order. The testimony shall be then separately transcribed and marked with the above legend. Only those persons designated in paragraph 3 who have complied with paragraph 4, if applicable, may listen to or read this testimony.

ii)    If a designation of Confidential Business Material is not made in advance of disclosure at a deposition, it may be made within 30 days following the mailing of the

deposition transcript by the mailing of written notice to all parties. All persons with copies of the deposition transcript shall then mark their copies with the above legend. Until the 30-day period has expired, all deposition testimony and transcripts shall be treated as Confidential Business Material.

3. If any party to whom confidential information is disclosed objects to the designation of such information as "confidential" and if efforts to resolve the dispute with the disclosing party fail, the objecting party shall within 45 days from receipt of the confidential designation, submit the dispute to the court for resolution. Any information, the designation of which is the subject of dispute, shall be treated as confidential and shall be subject to the restrictions on use of disclosure contained in this order until the court resolves the dispute.

4. The failure of any party to challenge the designation of information as "confidential" within 45 days of receipt of the designation shall be deemed a waiver of its right to challenge the propriety of such designation.

5. Upon submission of the dispute to the court, the party claiming confidentiality of the information shall have the burden of establishing that the information is of the kind for which a protective order should be issued pursuant to applicable court rules. Nothing contained in this order shall be deemed to waive or otherwise limit the right of either the objecting or disclosing party to appeal from this court's determination of the dispute.

6. Except as set forth in this order, Confidential Business Material or the contents of Confidential Business Material shall not be shown to, given to, discussed with, or otherwise disclosed to any person other than:

a. Counsel of record for the parties and, to the extent such disclosure is reasonably necessary, their respective partners, associates, paralegals and clerical personnel;

b. Persons retained or proposed to be retained as expert consultants or witnesses

3

and, to the extent such disclosure is reasonably necessary, their office associates and clerical personnel;

        c.     Court reporters of depositions in this action;

        d.     Persons reasonably believed to have authored, received or been aware of the Confidential Business Material or who are employees of the party which produced or designated the Confidential Business Material, provided such persons are not given a copy of any such Confidential Business Material to retain;

~~e.     The Court, provided that such materials are filed or submitted in a sealed envelope conspicuously marked:  CONFIDENTIAL PURSUANT TO COURT ORDER.  THIS ENVELOPE IS NOT SUBJECT TO RELEASE OR INSPECTION EXCEPT BY ORDER OF THE COURT OR UPON AGREEMENT OF THE PARTIES.  If the Court refuses to grant any party's request to so treat Confidential Business Materials, the party may nonetheless file such material with the Court, and the filing shall not be deemed to waive any other restriction contained herein; and~~

        f.     Either party to the extent that it is reasonably necessary for preparation of the case.

      7.     The parties and their counsel shall not disclose Confidential Business Material or the contents of Confidential Business Material to any of the persons listed in paragraph 6, except for Counsel, the Court and court reporters of depositions, until that person has executed and provided to that Counsel an Affidavit in the form of Exhibit A, attached hereto.  Copies of the executed affidavits are to be provided to opposing counsel upon request and upon conclusion or final settlement of this action.

      8.     Any person obtaining access to Confidential Business Materials or the contents thereof

of another party shall use the information contained therein only for the purposes of this action and for no other purpose.

9.   Confidential Business Materials of defendant shall be kept in separate files marked "Confidential Pursuant to Court Order.  Only authorized persons are allowed access."

10.   Within 90 days of the conclusion or final settlement of this litigation and any appeal thereof, all persons subject to the terms hereof shall, at the producing party's discretion:

a.   destroy or assemble and return to the party who produced the Confidential Business Materials, all such Confidential Business Materials, including depositions and deposition exhibits designated as Confidential Business Material, and all copies thereof; and

b.   destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of Confidential Business Material; except that Counsel may retain one archival copy of court filings containing Confidential Business Materials which materials will otherwise remain subject to this Stipulation and Protective Order.

11.   The terms of this Stipulation for a Protective Order shall survive and remain in effect after the termination or settlement of this litigation.

12.   The parties stipulate that this agreement may be presented to the Court for execution, without the need for a formal motion.

Dated: February 18, 2016

*/s/ Jonathan Owens*
Jonathan Owens, Esq.
Nevada Bar No. 007118
7401 West Charleston Boulevard
Las Vegas, NV 89117
Telephone:  (702) 384-7000
Fax:  (702) 385-7000
Email:  JOwens@alversontaylor.com

and

5

Dated: February 18, 2016

/s/ Charles T. Hvass
Charles T. Hvass, Esq. (Pro Hac Vice)
Donna Law Firm, P.C.
7601 France Avenue South, Suite 350
Minneapolis, MN  55435
Telephone:  (952) 562-2460
Fax:  (952) 562-2461
Email:  chvass@donnalaw.com

Attorneys for Defendants,
BUFFALO WILD WINGS, INC. and
BLAZIN WINGS, INC.

Dated: _____

_____
Kimball Jones
Nevada Bar No. 12982
Ryan M. Anderson
Nevada Bar No. 11040
Morris Anderson Law
716 South Jones Boulevard
Las Vegas, NV  89107

*Attorneys for Plaintiff*

6

///

Dated: _____

Charles T. Hvass, Esq. (Pro Hac Vice)
Donna Law Firm, P.C.
7601 France Avenue South, Suite 350
Minneapolis, MN 55435
Telephone: (952) 562-2460
Fax: (952) 562-2461
Email: chvass@donnalaw.com

Attorneys for Defendants,
BUFFALO WILD WINGS, INC. and
BLAZIN WINGS, INC.

Dated: 2-16-16

Kimball Jones
Nevada Bar No. 12982
Ryan M. Anderson
Nevada Bar No. 11040
Morris Anderson Law
716 South Jones Boulevard
Las Vegas, NV 89107

*Attorneys for Plaintiff*

IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE
DATED:           February 19, 2016

6

**EXHIBIT A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CATALINA ARAMBURO LIZARRAGA | ) | CASE NO. 2:15-cv-01655-MMD-VCF |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BUFFALO WILD WINGS, INC., | ) | |
| BUFFALO WILD WINGS | ) | |
| GRILL & BAR, BLAZIN WINGS, INC., | ) | **AFFIDAVIT** |
| DOE OWNER, I-V, DOE EMPLOYEE, | ) | |
| DOE MAINTENANCE EMPLOYEE, | ) | |
| ROE OWNER, ROE EMPLOYER, | ) | |
| ROE COMPANIES, I-V, | ) | |
| ROE RESTAURANT COMPANY, | ) | |
| ROE CHAIR MANUFACTURER, | ) | |
| ROE MAINTENANCE COMPANY, | ) | |
| ROE WHOLESALER, ROE RETAILER, | ) | |
| AND ROE DISTRIBUTOR, | ) | |
| | ) | |
| Defendants. | ) | |

The affiant being duly sworn deposes and says:

1.     My Name is  KIMBALL JONES  and I have been retained by  PLAINTIFF  in this matter.

2.     I have been provided by  DEFENDANT 's counsel with confidential documents and information produced by  DEFENDANT  under Protective Order.

3.     I have not and will not divulge the information contained within the confidential documents to any person or entity not involved in this litigation.  I have returned or will return copies of any confidential materials provided to me by  DEFENDANT 's counsel at the end of the litigation.

6

1   FURTHER, AFFIANT SAYETH NOT.

2

3   Signature

4

5

6   Print Name

7

8   Sworn and subscribed to before me
this 16ᵗʰ day of Feb _____, 2016.

9

10   Notary Public

Otesia Jaraizo
Notary Public State of Nevada
Appointment No. ...12816
My Comm. Exp. Jan 25 2019

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

7