# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

CATALINA ARAMBURO LIZARRAGA,

    Plaintiff,

vs.

BUFFALO WILD WINGS, INC.; *et.al.*,

    Defendants.

Case No. 2:15–cv–1655–MMD–VCF

**ORDER**

MOTION TO COMPEL (DOC. #15)

    This matter involves Plaintiff Catalina Aramburo Lizarraga's civil action against Defendant Buffalo Wild Wings, Inc. Before the court is Buffalo Wild Wings' Motion to Compel (Doc. #15), Lizarraga's response (Doc. #18), and Buffalo Wild Wings' reply (Doc. #21). The court held a hearing at 10:00 a.m. on April 14, 2016. For the reasons stated below, Buffalo Wild Wings' motion is granted in part and denied in part.

## I. Background

    In August 2013, Lizarraga was injured at a Las Vegas Buffalo Wild Wings location. Lizarraga claims injuries to her neck, back, and hip due to the incident at Buffalo Wild Wings. (Doc. #1).

    The instant motion to compel arises from Buffalo Wild Wings' interrogatories and requests for production (hereafter "RFPs"). Buffalo Wild Wings served Lizarraga with its First Set of Interrogatories and First Set of RFPs on November 2, 2015. (Doc. #18 at 3). Lizarraga's responses were due on December 5, 2015. Lizarraga failed to provide discovery responses on December 5, 2015. No extensions to Lizarraga's response deadlines were sought, stipulated to, or ordered by the court. On or about December 16, after receiving a letter from Buffalo Wild Wings that inquired about her discovery responses, Lizarraga served Buffalo Wild Wings with her discovery responses. (Doc. #18 at

4). The parties agreed that Lizarraga would have until January 18, 2016 to serve supplemental discovery responses. Lizarraga served her supplemental discovery responses on January 19, 2016.

Buffalo Wild Wings now brings the instant motion to compel responses to its interrogatories and the production of documents.

## II. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). "The motion [to compel] may be made if … a party fails to respond to interrogatories submitted under Rule 33; or a party fails to produce documents … as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

"Boilerplate, generalized objections are inadequate and tantamount to making no objection at all." *Collins v. Landry's Inc.*, Case No. 2:13-cv-1674-JCM-VCF, 2014 WL 2770702 at* 3 (D. Nev. June 17, 2014). "[B]oilerplate objections such as 'overly burdensome and harassing' are improper." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

## III. Discussion

The parties present three issues: (1) whether Lizarraga's untimely objections were waived, (2) whether Lizarraga may be compelled to provide supplemental interrogatory answers, and (3) whether Lizarraga may be compelled to produce responsive documents.

2

1.     <u>Lizarraga's Objections to Buffalo Wild Wings Interrogatories and RFPs May Stand</u>

"Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4). "Although Rule 34 does not contains an express provision that untimely objections are waived, the court have interpreted the rule regarding waiver consistent with Rule 33." *See Fifty-Six Hope Roade Music, Ltd. v. Maya Collections, Inc.*, Case No. 2:05-cv-1059-KJD-GWF, 2007 WL 1726558 at* 3 (D. Nev. June 11, 2007). "[T]he general rule is that the failure to object to Rule 33 and Rule 34 discovery requests results in the waiver of any objection." *Liguori v. Hansen*, Case No. 2:11-cv-492-GMN-CWH, 2012 WL 760747 at* 11 (D. Nev. Mar. 6, 2012).

"[T]he Court retains broad discretion in determining whether there is good cause." *Id.* at 12. "The analysis centers on the diligence of the party [who served untimely discovery responses.]" *Id.* (counsel's carelessness or incompetence does not constitute good cause). "[T]he Court may hold that untimely objections are not waived where delay in response is not substantial [despite a lack of a showing of good cause for the delay.]" *See id.* at 13.

Here, Lizarraga's objections to Buffalo Wild Wings' interrogatories and RFPs may stand. As an initial matter, Lizarraga fails to show good cause for her delayed discovery responses.[1] Lizarraga's counsel attributes his delay in responding to Buffalo Wild Wings' interrogatories and RFPs to the inexperience of the paralegal who assisted him in responding to Buffalo Wild Wings' discovery requests. (Doc. #18). Lizarraga's counsel acknowledges that he is ultimately responsible for the delay, but urges the court to find the inexperience of his paralegal constitutes good cause. (*Id.*). The carelessness or inexperience of counsel, or individuals in counsel's employ, does not constitute good cause for untimely discovery responses. *See Liguori*, 2012 WL 760747 at* 11.

---

[1] Lizarraga does not dispute Buffalo Wild Wings' contention that her discovery responses were untimely. (Doc. #18 at 4).

Even though Lizarraga fails to show good cause to excuse her untimely discovery responses, Lizarraga's untimely objections may stand. Lizarraga's approximately eleven-day delay in providing her initial discovery responses was not substantial and Buffalo Wild Wings was not prejudiced by Lizarraga's delay. (Doc. #15). The court exercises its discretion to permit Lizarraga's objections to stand despite her failure to show good cause. *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 83, 91 (D.D.C. 2005) (permitting a party's discovery objections to stand despite the absence of good cause when the opposing party suffered no prejudice and the responding party had no "pattern of misconduct" in the action).

2.  Lizarraga Must Respond to Certain Interrogatories

> i.  Interrogatory 2: "Identify each person who witnessed or claims to have witnessed the Occurrence and/or who was present or claims to have been present at the scene of the Occurrence before, at the time of, or after the Occurrence and/or who has, or claims to have, any knowledge of any facts relative to the plaintiff's liability and/or damage claims in this lawsuit."

Lizarraga's objections to Interrogatory 2 are overruled, but her substantive response is adequate. Lizarraga's vagueness and overbreadth objections to Interrogatory 2 are overruled, it is clear that Interrogatory 2 asks for the names of witnesses who were present when Lizarraga was injured. Lizarraga's supplemental response to Interrogatory 2 is adequate as she provided the names of the friends and family who were present when she was injured. (Doc. #15 at 4). As Interrogatory 2 only

asks for the identity of witnesses, Lizarraga is not obligated to supplement her response to Interrogatory 1 with the witnesses' contact information.[2]

        ii.      Interrogatory 6: "During the ten years immediately prior to the Occurrence, had plaintiff been treated in a hospital, clinic, sanitarium, or other medical or paramedical institution, treated or seen by a physician (including, without limitation, a "family doctor"), dentist, chiropractor, therapist or other medical or paramedical personnel or x-rayed for any reason, including routine or preventive care or received prescriptions? If so, and if plaintiff claims any period of disability, or limitation of plaintiff's activities, as a result of the Occurrence, state: (a) The name and address of each hospital, physician, technician, pharmacy or clinic; and (b) the reason for such treatment."

Lizarraga's overbreadth objection to Interrogatory 6 is sustained in part. Interrogatory 6 asks about Lizarraga's entire medical history for the ten years immediately preceding the incident. Some information responsive to Interrogatory 6, such as prior treatment to parts of Lizarraga's body that she claims were injured by Buffalo Wild Wings' alleged negligence, may be relevant to the issue of injury causation. Other information responsive to Interrogatory 6, such as Lizarraga's dental records, are likely irrelevant to any issue in this action. Lizarraga's obligation to respond to Interrogatory 6 is limited to her treatment history for the parts of her body which she claims were injured in the incident. Although Lizarraga provided a list of health care providers who treated her in the last ten years, she failed to indicate when each treatment occurred and why she sought treatment. Lizarraga must supplement her

---

[2] Lizarraga provided Buffalo Wild Wings with the contact information for all but two of the witnesses identified in her response to Interrogatory 2. At the hearing, Lizarraga represented that, if she is able to obtain the contact information of the remaining two witnesses, she will provide such information to Buffalo Wild Wings.

response to Interrogatory 6 by providing a descriptions of the treatments she received from each provider and the approximate date such treatment occurred.

    iii. <u>Interrogatory 7</u>: "Has plaintiff suffered any personal injury within ten years prior to the Occurrence and/or since the Occurrence? If so, state: (a) how plaintiff was injured; (b) describe in general the injury suffered; and (c) the specific dates of any hospital treatment, medical treatment, or medical examination to such condition identifying the particular hospital or person administering the same."

Lizarraga's objections to Interrogatory 7 are overruled and she must supplement her response. Lizarraga's vagueness and overbreadth objections to Interrogatory 7 are overruled, it is clear that Interrogatory 7 asks for information regarding other potential causes for Lizarraga's claimed injuries. Lizarraga must supplement her response to Interrogatory 7 as Lizarraga failed to provide complete information about the circumstances surrounding her 2010 back injury and her subsequent treatment.

    iv. <u>Interrogatory 8</u>: "Has plaintiff filed any lawsuits, or made any claims for personal injuries, in the last ten years and/or does plaintiff anticipate bringing any claims and/or filing any claims for persona injury? If so, state: (a) the court (if any) in which the suit was filed and the person(s)/entity(ies) against whom any suit or claim was made; (b) the year any suit was filed or claim was made; and (c) the title and docket number or other manner of identification of the claim or suit."

Except with regard to the types of injuries which are the subject of this lawsuit, Lizarraga is not required to respond to Interrogatory 8 as it seeks irrelevant information. Information about Lizarraga's personal injury claims and lawsuits related to her 2010 back injury is relevant to the issue of injury causation. Information about other personal injury claims or lawsuits, which did not involve the parts of

Lizarraga's body at issue in this lawsuit, does not relate to any party's claim or defense in the instant action.

        v.       <u>Interrogatory 10</u>: "Identify any illness or medical condition that plaintiff had up to ten (10) years before the Occurrence, and/or after the Occurrence, and state the nature of the illness or medical condition, when it occurred and what treatment plaintiff received."

Lizarraga's vagueness and ambiguity objection to Interrogatory 10 is sustained. It is unclear what types of "illness or medical condition" would be responsive to Interrogatory 10. Certain information responsive to Interrogatory 10, such as each time Lizarraga was treated for a common cold, is irrelevant, while other responsive information, such as that to be produced in response to Interrogatory 7, is relevant, but responsive information was provided in response to other interrogatories.

3.    <u>Lizarraga Must Produce Certain Responsive Documents</u>

        i.       <u>RFP 7</u>: "All statements, written or otherwise, by any person, which relates to this litigation."

Lizarraga's vagueness and overbreadth objections to RFP 7 are overruled as RFP 7 seeks documents that memorialize witness statements about the incident. Lizarraga's supplemental response indicates that responsive documents are not in her possession, custody, or control.

"The responding party must then make a reasonable inquiry to determine whether responsive documents exist." *Am. General Ins. Co. v. Vistana Condominium Owners Ass'n.*, Case No. 2:12-cv-1324-JAD-NJK, 2014 WL 910350 at *2 (D. Nev. March 7, 2014). "A reasonable inquiry requires, 'at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent

7

production of the information to [the opposing party].'" *EnvTech, Inc. v. Suchard*, Case No.3:11-cv-523-HDM-WGC, 2013 WL 4899085 at* 5 (D. Nev. Sept. 11, 2013).

If the responding party asserts that the requested documents do not exist, the "[responding] party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Vistana*, 2014 WL 910350 at *2. "Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive document." *EnvTech, Inc.*, 2013 WL 4899085 at *5.

Lizarraga must either produce documents responsive to RFP 7 or submit a declaration that describes her efforts to search for responsive documents.

        ii.    <u>RFP 12</u>: "All medical or paramedical records in plaintiff's possession from any medical care providers identified in plaintiff's answers to the interrogatories served herewith."

Now that the court has limited the scope of defendant's interrogatories, Lizarraga's overbreadth objection to RFP 12 is overruled. Lizarraga must provide Buffalo Wild Wings with responsive documents. Buffalo Wild Wings' request is not overbroad as it only seeks documents that Lizarraga used to answer the company's interrogatories.

        iii.    <u>RFP 18</u>: "All documents relating to any claims made, application for benefits and/or lawsuits filed by plaintiff as a result of any physical or mental injury, illness or condition including, but not limited to, claims for insurance payment, Social Security benefits, or worker's compensation benefits. This request pertains to not only claims made or lawsuits filed by plaintiff arising out of the Occurrence, but also pertains to any other claims made or lawsuits filed by

plaintiff in the ten (10) years immediately preceding the Occurrence and claims or lawsuit filed after the Occurrence."

Lizarraga's overbreadth objection to RFP 18 is sustained in part. Information about Lizarraga's claims and lawsuits that arose from incidents where she sustained injury to parts of her body that are not at issue in the instant action are irrelevant. Lizarraga's obligation to respond to RFP 18 is limited to documents related to other claims or lawsuits she made as a result of injuries she sustained to parts of her body that are at issue in this lawsuit.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Buffalo Wild Wings' motion to compel (Doc. #15) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Lizarraga's objections to Interrogatory 2, Interrogatory 7, RFP 7, and RFP 12 are OVERRULED.

IT IS FURTHER OREDERED that Lizarraga is not required to serve a supplemental response to Interrogatory 2 as her original supplemental response was adequate.

IT IS FURTHER ORDERED that on or before April 28, 2016, Lizarraga must provide Buffalo Wild Wings with a supplemental response to Interrogatory 7.

IT IS FURTHER ORDERED that to the extent Lizarraga claims that documents responsive to RFP 7 are not in her possession, custody, or control, Lizarraga must provide Buffalo Wilds Wings with a declaration that describes her efforts to search for responsive documents. Lizarraga must provide her declaration to Buffalo Wild Wings on or before April 28, 2016.

IT IS FURTHER ORDERED that on or before April 28, 2016, Lizarraga must provide documents responsive to RFP 12.

9

IT IS FURTHER ORDERED that Lizarraga's objections to Interrogatory 6, Interrogatory 8, and RFP 18 are SUSTAINED in part.  On or before April 28, 2016, Lizarraga must provide Buffalo Wild Wings with:

    a.    Dates and descriptions of the treatments she received from the healthcare providers Lizarraga identified in her response to Interrogatory 6.

    b.    Information about any prior claims or lawsuits where Lizarraga sustained injuries to parts of her body that are now at issue in the instant action.

    c.    Documents from any prior claim or lawsuit where Lizarraga sustained injury to parts of her body that are now at issue in the instant action.

IT IS FURTHER ORDERED that Lizarraga's objections to Interrogatory 10 are SUSTAINED. Lizarraga is not required to answer Interrogatory 10.

IT IS FURTHER ORDERED that Buffalo Wild Wings request for sanctions is DENIED.

IT IS SO ORDERED.

DATED this 14th day of April, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE